IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–01894–EWN–PAC

| | |
|---|---|
| WILLIAM GORDON HOOVER, JR., a/k/a Will Hoover, Will G. Hoover, and as Officer, Director and Shareholder of the Will Hoover Company,<br><br>　　Debtor. | Bankruptcy Case No. 02–25306 ABC |

JEANNE Y. JAGOW, Trustee,

　　Plaintiff,

v.

GEORGEANN HOOVER,
WILLIAM GORDON HOOVER, JR.,

　　Defendants.

Adversary Proceeding
No. 03–1786 EEB

## ORDER CONCERNING FURTHER PROCEEDINGS

On May 11, 2004, this court ruled on Defendant Georgeann Hoover's motion to withdraw, as to this case, the court's standing general order referring all bankruptcy matters to the United States Bankruptcy Court for the District of Colorado. This court granted the motion, withdrew the general reference, and directed that the case proceed under this court's jurisdiction and authority. Because, however, the only meritorious basis for withdrawing the reference was this circuit's prohibition against jury trials in a bankruptcy court, the court referred all matters,

except the jury trial, back to the bankruptcy court. The court also set a quick jury trial, which was twice continued at the request of the parties.

If the parties have done anything to move the case to resolution, it is not apparent from the docket sheets in this court or the bankruptcy court. In the bankruptcy court ,they have obtained innumerable extensions of time to brief a legal issue presented by the State of Washington's *lis pendens* statute. When this court held a status conference last April, they represented that they were close to a settlement. They have ignored this court's order that they submit periodic status reports. The case appears to be floating in limbo, and an alternate approach is necessary. The order withdrawing the reference will be vacated, and this order will stand in its stead.

It is apparent that discovery has not been completed, nor have any pretrial conferences been held in this case. I do not set any civil action for trial until entry of a final pretrial order. *See* Fed. R. Civ. P. 16(d), (e), Fed. R. Bankr. P. 7016. If the case proceeds to the point where a final pretrial order has been entered by the bankruptcy judge, and if the matter is still postured as a jury trial, the motion to withdraw reference may be renewed. Accordingly, it is

**ORDERED** as follows:

1. This court's order of May 11, 2004 (#3) is hereby VACATED.

2. The motion to withdraw reference, filed in the bankruptcy court on August 21, 2003 is **DENIED**, without prejudice to renewal under the circumstances recited herein.

3.. The case shall remain in the United States Bankruptcy Court for all further proceedings except for the actual trial of the case. This includes all discovery and other pretrial

matters, pretrial conferences and resulting orders, the setting of dates and deadlines for completion of discovery and the like, and the entry of any judgment, order, or decree which does not require a jury trial on the merits, provided, however, that the orders and judgments of the bankruptcy court shall remain reviewable by this court under 28 U.S.C. § 158(a).

4.. The clerk of this court shall close this court's file on the case.

Dated this 12th day of September, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge